UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2010 SEP 15 PM 2:22

CLERK _____
SO. DIST. OF GA.

JERROD BROWN, )
)
    Movant, )
)
v. ) CV 409-070
) (CR 404-111)
UNITED STATES OF AMERICA, )
)
    Respondent. )

## ORDER

Currently before the Court is Jerrod Brown's 28 U.S.C. § 2255 motion. (CV Doc. 1) In that motion, Brown claims that he was improperly sentenced as an armed career criminal. See 18 U.S.C. § 924(e). Specifically, he contends that his prior felony conviction for carrying a concealed weapon does not qualify as a predicate "violent felony" for the armed career criminal enhancement, citing Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581 (2008). Brown asks to be resentenced without that enhancement.

Brown's motion is timely, having been filed within one year of the Supreme Court's decision in Begay, that decision initially recognizing the substantive rule Brown seeks to assert. See 28 U.S.C. § 2255(f)(3); Teague v. Lane, 489 U.S. 288, 311 (1989). Brown failed to raise his claim on direct appeal, so typically it would

be procedurally defaulted. See United States v. Frady, 456 U.S. 152, 170 (1982). However, the government concedes (CV Doc. 7-Pg. 3) that Brown can establish an exception to procedural default because he is "actually innocent" of the statutory armed career criminal enhancement. See Bousley v. United States, 523 U.S. 614, 623 (1998); Murray v. Carrier, 477 U.S. 478, 496 (1986). This Court agrees, and Brown's claim may therefore be heard on its merits.

Brown is entitled to the relief he requests, as the government concedes. (CV Doc. 7-Pgs. 2-3) Brown's prior felony conviction for carrying a concealed weapon no longer qualifies as a predicate "violent felony" for the armed career criminal enhancement. See United States v. Canty, 570 F.3d 1251, 1255 (11th Cir. 2009); United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008). Therefore, he is entitled to be resentenced absent that enhancement.

Accordingly, Brown's § 2255 Motion is **GRANTED**. The Clerk of Court is hereby authorized and **DIRECTED** to enter the appropriate judgment. The United States Probation Office is **DIRECTED** to prepare a new presentence investigation report reflecting the fact that Brown is not an armed career criminal. The Court will appoint new counsel to represent Brown at the resentencing hearing, and the Clerk is therefore **DIRECTED** to prepare the appropriate appointment papers forthwith. The Court will schedule the case for resentencing once the revised

presentence investigation report has been prepared and reviewed by counsel.

SO ORDERED this the 15 day of September, 2010.

_____
B. AVANT EDENFIELD
UNITED STATES DISTRICT JUDGE

3